**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac J.W. Mullins,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　　Respondents. | No. CV-06-1148-PHX-NVW (LOA)<br><br>**ORDER** |

　　　　This matter arises on Petitioner's *pro se* Motion to Postpone Evidentiary Hearing, filed on April 16, 2008. (docket # 47)

　　　　On April 4, 2008, this Court appointed attorney Joy Bertrand to represent Petitioner in an evidentiary hearing set for Thursday June 5, 2008 at 1:30 p.m. (docket #45) Because "an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c), Rules Governing Section 2254 proceedings. Although Ms. Bertrand has yet to file any pleading on Petitioner's behalf and nothing is expected from her until on or before May 23, 2008, this Court will not permit Petitioner to file pleadings on his behalf when he is represented by counsel, except, of course, a motion to represent himself without assistance by counsel.

　　　　District courts may refuse to entertain *pro per* motions filed by defendants who have legal representation. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001), *cert. denied*, 504 U.S. 921 (1992). Although a litigant "has the right to represent himself or

1  herself pro se or to be represented by an attorney," *United States v. Olano*, 62 F.3d 1180,
2  1193 (9th Cir.1995) (citing *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981)
3  (per curiam)), he or she " 'does not have a constitutional right to "hybrid" representation.' "
4  *Id.* (quoting *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir.1994)); *McKaskle v.*
5  *Wiggins*, 465 U.S. 168, 183 (1984). Moreover, the District of Arizona's Local Rule
6  83.3(c)(2)[1] extends to district and magistrate judges the discretion to deny hybrid-
7  representation.

   If Petitioner wishes to continue the evidentiary hearing, he needs to discuss the matter directly with his court-appointed lawyer: Ms. Joy Bertrand, Esq.; phone: (480) 656-3919; fax: (480) 361-4694. Future motions and other requests by Petitioner when represented by counsel will be summarily denied.

   **IT IS ORDERED** that Petitioner's *pro se* Motion to Postpone Evidentiary Hearing, docket # 47, is **DENIED** without prejudice.

   DATED this 18th day of April, 2008.

   Lawrence O. Anderson
   United States Magistrate Judge

---

[1] Local Rule 83.3(c)(2) provides:
   Appearance by Represented Party. Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the cause, or take any steps therein, unless an order of substitution shall first have been made by the Court after notice to the attorney of each such party, and to the opposite party. The attorney who has appeared of record for any party shall represent such party in the cause and shall be recognized by the Court and by all the parties to the cause as having control of the client's case, in all proper ways, and shall, as such attorney, sign all papers which are to be signed on behalf of the client, provided that the Court may in its discretion hear a party in open court, notwithstanding the fact that that party has appeared or is represented by an attorney.