**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Isacc J.W. Mullins, | ) | No. CV-06-1148-PHX-NVW (LOA) |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Despite Petitioner's counsel's multiple violations of the Local Rules of Practice,[1] the undersigned's chambers was fortuitously provided with a copy of Petitioner's Motion to Extend Time to File Joint Brief and Continue Evidentiary Hearing which is scheduled for Friday, August 1, 2008. (docket # 52) The Motion indicates that Petitioner's counsel "believes it is necessary to interview the Petitioner's father, Clayton K. Mullins[,]" *id*. at 1, who presently "is incarcerated in the Utah State Prison at Draper, Utah. " (*Id*. at 2)

The Court's file indicates that even though this habeas petition was filed *pro se* on April 24, 2006, Petitioner's counsel was only appointed on April 4, 2008, just over

---

[1] Counsel's motion used the incorrect case number, including the wrong initials for the assigned District Judge; used capitals letters in the motion's caption instead of  using "proper capitalization" as required by LRCiv 7.1(a)(3); and, a copy was not provided to the assigned Magistrate Judge or his chamber's email box (anderson_chambers @azd.uscourts.gov), contrary to LRCiv 40.2(d), despite his presiding over the August 1, 2008 hearing.

1    three months ago. The record reflects that both Petitioner and Petitioner's former State

2    defense counsel, Kenneth Huls, were deposed on June 19, 2008. Petitioner's counsel's

3    Motion represents that "Huls told [Petitioner's father] that he (Huls) had rejected a plea offer

4    from the State without first consulting with the Petitioner." (*Id.* at 1-2)  This allegation is set

5    forth in an affidavit signed by Petitioner's father, Clayton K. Mullins. Mr. Huls denies the

6    truthfulness of the allegation. If true, this communication failure is significant support to

7    Plaintiff's claim of ineffective assistance of counsel and is reasonably related, at least for

8    discovery purposes, to Petitioner's claim to be addressed at the August 1, 2008 hearing, i.e.,

9    "whether Mr. Kenneth Huls provided ineffective assistance of counsel by failing to inform

10   Petitioner of the potential sentence he faced at trial if he (Petitioner) rejected the plea offer."

11   (docket # 50 at 2)

12          Petitioner's counsel's does not indicate why she waited nearly 30 days from

13   the conclusion of the June 19, 2008 depositions before she filed the subject motion on July

14   15, 2008.  Nevertheless, Draper, Utah is located in northern Utah and the Court takes judicial

15   notice of the difficulties Petitioner's counsel will have in arranging a private, in-person or

16   telephonic, interview with Utah prisoner, Clayton K. Mullins, and thereafter scheduling a

17   non-discovery deposition to ensure the admissibility of Clayton K. Mullins' testimony at the

18   subject hearing.[2]  Moreover, Plaintiff has not previously requested a continuance of the

19   evidentiary hearing.

20          There being no objection by the State and good cause appearing,

21          **IT IS ORDERED** that Petitioner's Motion to Extend Time to File Joint Brief

22   and Continue Evidentiary Hearing, docket # 52, is **GRANTED**. Both counsel shall jointly

23   and promptly call the undersigned's judicial assistant to reschedule the deadline for

24   simultaneously submitting to the Court the following: (1) a written list of witnesses to be

25   called during the hearing and the nature and purpose of their testimony; and (2) a written list

26

27          [2] Absent a witness' in-court testimony at trial, an affidavit of witness alone is likely
     inadmissible hearsay pursuant to Fed. R. Evid. 801(c). *Kuntz v. Sea Eagle Diving Adventures*
28   *Corp.*, 199 F.R.D. 665, 668 (D.Haw. 2001).

of exhibits to be presented during the hearing and the nature and purpose thereof, and (3) to set a **firm** date and time for the evidentiary hearing reasonably convenient to counsels' calendars and the Court's availability mindful of what needs to be accomplished prior to the hearing. Absent extraordinary circumstances, there shall be **no further continuances** of the subject evidentiary hearing.

**IT IS FURTHER ORDERED** that all counsel shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2007.  The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

DATED this 16th day of July, 2008.

Lawrence O. Anderson
United States Magistrate Judge