**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac J. Mullins,  )  | No. CV-06-1148-PHX-NVW (LOA) |
| Petitioner,  ) | **ORDER** |
| vs.  ) | |
| Dora B. Schriro, et al.  ) | |
| Respondents.  ) | |

This matter arises on Petitioner's Motion for an Order authorizing travel expenses to Utah. (docket # 66)

Counsel for Petitioner, Joy Bertrand, explains that, in preparation for the upcoming evidentiary hearing, she plans to interview Petitioner's father, Clayton Mullins. Clayton Mullins is currently serving a sentence at the Utah State Prison in Draper, Utah. Counsel requests $658.50 in travel expenses. (docket # 66 at 3)

On July 31, 2008, the Court authorized expenses for investigator Mary Kelly to travel to Draper, Utah to interview Clayton Mullins. (docket # 64) Petitioner's motion for travel expenses for counsel to interview of Clayton Mullins in Utah did not explain why the Court should authorize additional funds for an interview that Petitioner's counsel had already advised the Court would be conducted by investigator Kelly. Accordingly, the Court ordered Petitioner to show cause why the motion for authorization for fees and expenses for counsel, Joy Bertrand, to travel to Utah should not be denied as duplicative in view of the Court's July 31, 2008 Order.

Petitioner timely responded to the order to show cause. (docket # 71) Petitioner's counsel explains that investigator Mary Kelly is not traveling to Utah to interview Clayton Mullins. Rather, counsel plans to interview Mr. Mullins with the assistance of a Salt Lake City investigator, Kelly Madsen. Counsel contends that she "does not believe it is appropriate for her to conduct the interview alone, making [herself] the sole witness to the interview, thus possibly creating an ethical issue as a material witness to a matter in which she represents a party that would require her to recuse herself from the representation of the Petitioner." (docket # 71 at 2)

The Court does not share counsel's concern. The matter before the court is a civil proceeding brought pursuant to 28 U.S.C. § 2254. Joy Bertrand has been appointed to represent Petitioner for purposes of an evidentiary hearing on the issue of whether "Mr. [Kenneth] Huls provided ineffective assistance by failing to inform [Petitioner] of the potential sentence he faced at trial if he rejected the plea offer." (docket # 36 at 6-7) Pursuant to Rule 6 of the Rules Governing Habeas Corpus cases, the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The Court construes Petitioner's request to authorize travel expenses to Utah to interview Petitioner's father as a request to conduct discovery pursuant to Rule 6. Petitioner explains that, in support of his Petition for Writ of Habeas Corpus, he submitted an affidavit of his father, Clayton Mullins, regarding communications from Petitioner's trial counsel, Kenneth Huls, about the State's plea offer in the underlying criminal case. (docket # 57) Petitioner contends that Mr. Huls' June 19, 2008 deposition contradicts the statements in Clayton Mullins' affidavit. Accordingly, Petitioner's current counsel "believes it is necessary to interview Clayton Mullins." (docket # 57 at 2)

The Court will permit discovery under Rule 6 of the Rules Governing § 2254 cases. Rule 6 specifically provides that such discovery shall be conducted in accordance with the Federal Rules of Civil Procedure. Thus, any additional information Petitioner seeks to obtain from Clayton Mullins must be obtained in accordance with the Federal Rules of Civil Procedure applicable to discovery. Petitioner's counsel may conduct this civil

- 2 -

discovery herself without the assistance of an investigator. This is a civil matter and the concerns that are relevant in a criminal matter, such as becoming a material witness, are not relevant in this context. The Court, therefore, will vacate its July 31, 2008 Order (docket # 64) which had appointed an investigator and will deny Petitioner's current request for expenses to hire an investigator in Utah. The Court, however, will authorizes expenses for counsel to travel to Utah.

Further, Respondents are entitled to participate in discovery in this civil matter. Although the Court, in an abundance of caution, sealed prior motions and orders (docket ## 56-71) related to the interview of Petitioner's father, the Court will unseal them. Petitioner's father has already submitted an affidavit in support of the Petition for Writ of Habeas Corpus which is a public record. The Ninth Circuit has made clear that a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of openness by meeting the "compelling reasons" standard before a document may be properly sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's July 31, 2008 Order Appointing Investigator (docket # 64) is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner's Application for Authorization of Fees and Expenses for Investigator (docket # 66) is **GRANTED** to the extent the Court authorizes travel expenses for counsel, Joy Bertrand, to travel to Utah to interview Clayton Mullins in an amount not to exceed **$658.50.** The motion (docket # 66) is **DENIED** in all other respects.

/ / /

/ / /

1     **IT IS FURTHER ORDERED** that the Clerk of Court shall **unseal** docket numbers 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71 and shall provide copies of those orders and motions to counsel for Respondents.

DATED this 14th day of August, 2008.

                                       Lawrence O. Anderson
                                       United States Magistrate Judge