IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaac J.W. Mullins,<br><br>   Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>   Respondents. | No. CV-06-1148-PHX-NVW (LOA)<br><br>**ORDER** and<br>**REPORT AND RECOMMENDATION** |

   This matter is before the Court on referral from United States District Judge Neil V. Wake for an evidentiary hearing and Supplemental Report and Recommendation regarding Petitioner's claim that "Mr. [Kenneth] Huls provided ineffective assistance by failing to inform [Petitioner] of the potential sentence he faced at trial if he rejected the plea offer." (docket # 36 at 6-7)

   In accordance with Rule 8(c), Rules Governing Section 2254 proceedings, the Court appointed Petitioner counsel for purposes of the evidentiary hearing and scheduled a hearing for June 5, 2008. (docket # 45)  On motions by both parties, the hearing was ultimately rescheduled for September 3, 2008.  (*see* dockets ## 49, 50, 52, 53)

   The following individuals appeared in person at the September 3, 2008 hearing: Robert Walsh, attorney for Respondents; Joy Bertrand, counsel for Petitioner; and Kenneth Huls, Petitioner's trial counsel who was noticed as a witness for the September 3, 2008 hearing. (docket # 78 at 2)  Although the undersigned had issued an order of transport to permit Petitioner to appear in person at the evidentiary hearing (docket # 54), Petitioner

requested that the order be vacated and that he be permitted to appear telephonically. (docket # 89) The undersigned denied Petitioner's request noting that Petitioner had not provided any reason why he could not appear in person at the hearing. (docket # 88) Additionally, at the time there was a pending motion that Petitioner's counsel be withdrawn and so Petitioner could represent himself. The day before the September 3, 2008 hearing, Petitioner, through counsel, again expressed a desire to appear telephonically and again requested that the Court vacate the order of transport. (dockets # 93, 94) The undersigned vacated the order of transport and permitted Petitioner to appear telephonically. (docket # 93) Thus, Petitioner appeared telephonically. Additionally, Petitioner's father, Clayton Mullins, was on stand-by to appear telephonically.[1] (*see* dockets ## 92, 97)

Several days before the hearing, Petitioner filed a *pro se* "Notice of Change of Counsel . . . Petitioner to Proceed Pro Se." (docket # 80) Petitioner, through counsel, subsequently filed a Motion to Withdraw that Notice. (docket # 95) At the September 3, 2008 hearing, Petitioner reiterated his desire to withdraw his Notice of Change of Counsel and to continue with Joy Bertrand as counsel for the September 3, 2008 hearing. The undersigned granted the motion to withdraw Petitioner's Notice of Change of Counsel.

On September 2, 2008, Petitioner filed a "Notice of Withdrawal of Ground Two of Petition for Habeas Corpus Relief." (docket # 94) Attached to the Notice is statement signed by Petitioner which, in Petitioner's handwriting, states that he wishes to "withdraw 'Ground 2' as it relates to an ineffectiveness claim." (docket # 94-2) The notice further states that Petitioner "made this decision after talking at length about my case with my attorney, Joy Bertrand. Ms. Bertrand has explained to me the nature of the *habeas* process, the issues presented in my case, and the law that applies to my case. I have considered all of

---

[1] Although the undersigned initially granted Petitioner's motion to permit Clayton Mullins to appear *via* video conference, dockets # 90 and # 92, after discovering that the Court's video conferencing equipment was not compatible with that at the Utah State Prison in Draper, Utah where Clayton Mullins is incarcerated, the undersigned issued an order permitting Clayton Mullins to appear telephonically. (docket # 97) Petitioner had requested that Mr. Mullins be permitted to appear either *via* video conference or telephonically. (*see* dockets # 79, 90)

- 2 -

1 these factors in consultation with my attorney and I knowingly and voluntarily ~~seek to~~
2 withdraw my Petition." (docket # 94-2) (emphasis and modification in original).

3       In view of Petitioner's desire to withdraw his claim of ineffective assistance, the
4 only remaining claim in his Amended Petition for Writ of Habeas Corpus, the undersigned
5 addressed this issue at the September 3, 2008 hearing to determine whether it was necessary
6 to proceed with an evidentiary hearing.  As set forth below, an evidentiary hearing is no
7 longer necessary because Petitioner has withdrawn his last remaining claim.

8       Because Petitioner did not have a copy of his Notice of Withdrawal of Ground
9 Two of Petition for Habeas Corpus Relief (docket # 94), the undersigned read the notice and
10 the attachment into the record.  Petitioner indicated that he had signed that notice and the all
11 representations contained therein were true and correct.

12       Petitioner's counsel, Joy Bertrand, then stated that prior to September 2, 2008,
13 Petitioner had expressed a desire to withdraw his claim of ineffective assistance of counsel.
14 After some difficulty arranging a meeting with her client, Ms. Bertrand personally met with
15 Petitioner on September 2, 2008, and he again expressed his desire to withdraw his claim of
16 ineffective assistance of counsel with respect to Ground Two of his Amended Petition for
17 Writ of Habeas Corpus.  On September 3, 2008, Ms. Bertrand spoke with Petitioner on the
18 telephone and he again confirmed his desire to withdraw his claim of ineffective assistance
19 of counsel.  Ms. Bertrand further stated that she advised Petitioner of the consequences of
20 withdrawing this claim.  Ms. Bertrand affirmed that when she spoke with Petitioner in
21 person and on the telephone, Petitioner appeared in good health; he did not appear to have
22 any issues related to his mental competency; to her knowledge he was not taking any
23 medication that would impair his judgment; he appeared to understand the conversation with
24 counsel; and he actively participated and had an intelligent conversation about his case.

25       Petitioner testified that he had heard Ms. Bertrand's foregoing exchange with the
26 Court.  He further stated that he was not taking medication other than a "stronger form of
27 aspirin" for chronic headaches that he takes 3-4 times a day.  He testified that he is 28-years-
28 old, graduated from high school, and has completed some college courses while

incarcerated. He further testified that no promises or threats were made to induce him to withdraw his claim of ineffective assistance of counsel and that he made the decision of his own free will with the advice of counsel.

Based on the testimony of Joy Bertrand and Isaac Mullins, at the September 3, 2008 hearing, the statements contained in Petitioner's Notice of Withdrawal of Ground Two, docket # 94, and in the absence of any objection from Respondents, the undersigned finds that Petitioner knowingly, voluntarily, and intelligently withdraws the following claim asserted in his Amended Petition for Writ of Habeas Corpus: that Kenneth Huls was ineffective for failing to advise Petitioner of the potential sentence he faced if he rejected a plea offer and proceeded to trial. (*see* docket # 9 at 6; docket # 36 at 5-8)

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Withdraw his Notice of Change of Counsel (docket # 95) is **GRANTED** and the Clerk of Court shall terminate Petitioner's Notice of Change of Counsel (docket # 80).

**IT IS FURTHER ORDERED** that Counsel's Motion to Seal her Response to Petitioner's Notice of Change of Counsel (docket # 83) is **DENIED** in view of the discussion of this issue in open court during the September 3, 2008 hearing.

**IT IS HEREBY RECOMMENDED** that the Court accept the undersigned findings that Petitioner knowingly, voluntarily, and intelligently withdraws the following claim asserted in his Amended Petition for Writ of Habeas Corpus: that Kenneth Huls was ineffective for failing to advise Petitioner of the potential sentence he faced if he rejected a plea offer and proceeded to trial, and that the Court grant Petitioner's Motion to Withdraw Ground Two of Petition for Habeas Corpus Relief. (docket # 94)

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1), should not be filed until the District Court enters judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

1 Thereafter, the parties have ten days within which to file a response to the objections.
2 Failure timely to file objections to the Report and Recommendation may result in the
3 acceptance of the Report and Recommendation by the District Court without further review.
4 *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to
5 file objections to any factual determinations of the Magistrate Judge will be considered a
6 waiver of a party's right to appellate review of the findings of fact in an order or judgment
7 entered pursuant to the Magistrate Judge's recommendation. Fed.R.Civ.P. 72.

DATED this 4th day of September, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge