IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Isaac J.W. Mullins, | ) | No. CV-06-01148-PHX-NVW |
|         Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
|         Respondents. | ) | |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Anderson (Doc. # 98) regarding the remaining issue in Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 1). The order of December 17, 2008 (Doc. # 36) adopted the recommendations of Magistrate Judge Anderson in his previous Report and Recommendation of August 10, 2007 (Doc. # 25), except referred back to Judge Anderson for further proceedings a question Petitioner urged in his objections to the first R&R, though probably not raised in his Petition. That was the contention that Petitioner's state court defense counsel failed to inform him of the potential sentence he faced at trial if he rejected the plea agreement.

The Magistrate Judge set an evidentiary hearing on the issue and appointed counsel for Petitioner for that hearing. The R&R further recounts how, at that hearing, Petitioner knowingly, voluntarily, and intelligently withdrew that claim. (Doc. # 98.) The Magistrate Judge recommended that the Court accept the findings that Petitioner

knowingly, voluntarily, and intelligently withdrew the claim that his state court counsel, Kenneth Huls, failed to inform him of the potential sentence he faced at trial if he rejected the plea agreement. The Magistrate Judge advised the parties that they had ten days to file objections to the R&R. (R&R at 5 (citing 28 U.S.C. § 636(b)). Petitioner has filed a notice "that he has no objections to Judge Anderson's September 4, 2008 Order and Report and Recommendation." (Doc. # 104.)

Because the parties did not file objections, the court need not review any of the Magistrate Judge's determinations on dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the rulings of the Magistrate Judge on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

The Magistrate Judge appointed attorney Joy Bertrand as counsel for Petitioner due to the need for counsel for an evidentiary hearing. (Doc. # 45 at 2.) That justification has expired with Petitioner's withdrawal of the contention that occasioned an evidentiary hearing, and there is no other justification for appointing Criminal Justice Act counsel for Petitioner.

IT IS THEREFORE ORDERED that attorney Joy Bertrand is discharged and terminated as counsel for Petitioner.

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge (Doc. # 98) is accepted.

1    IT IS FURTHER ORDERED that the Clerk of the Court enter judgment
2 dismissing petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §
3 2254 (Doc. # 1) with prejudice.  The Clerk shall terminate this action.

DATED this 22nd day of September, 2008.

*Neil V. Wake*
Neil V. Wake
United States District Judge